UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

JOHN SURGENT,

       Petitioner,

- versus -

UNITED STATES OF AMERICA,

       Respondent.

MEMORANDUM AND ORDER

09-cv-3506 (JG)

JOHN GLEESON, United States District Judge:

    John Surgent has brought a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) petitioning the Court to: (1) vacate his conviction for conspiracy to commit money laundering pursuant to Rule 60(b)(6) or resentence him on this conviction; (2) modify his Presentence Investigation Report ("PSR"); (3) order the government to produce discovery; (4) dismiss all of his convictions pursuant to Rule 60(b)(3); and (5) permit him to review all grand jury records. Notice of Motion, ECF No. 11.

    Surgent alleges that the Court "failed to apply" *United States v. Garcia*, 587 F.3d 509 (2d Cir. 2009), at his December 18, 2009 habeas corpus proceeding, which, he argues, made *United States v. Cuellar*, 553 U.S. 550 (2008), "retroactive." Grounds for Relief ¶ 1, ECF No. 11-1. According to Surgent, the Court therefore erred when it found that he was "procedurally barred from applying the *Cuellar* decision" in his 2255 motion. *Id.* at ¶ 2. However, even assuming this to be true, where a petitioner seeks relief via a successive petition relying on a new rule of constitutional law, AEDPA requires that the rule have been "made retroactive to cases on collateral review by *the Supreme Court*." *See* 28 U.S.C. § 2244(b)(2)(a) (emphasis added). *Garcia* is a Second Circuit decision and thus does not warrant reopening Surgent's habeas

1

petition under Rule 60(b).

The remaining claims are denied as outside the scope of Rule 60(b).


So ordered.


John Gleeson, U.S.D.J.

Dated: April 24, 2015
 Brooklyn, New York